REGINALD B. NAUGLE, APPELLANT, v. HERBERT C. Mc-
VOY, RESPONDENT.

Argued June 24, 1921—Decided November 14, 1921.

Where a person, who had agreed to sell real estate, never had title himself, it is not necessary that the vendee, under a contract for the sale of the property, make a tender of performance before beginning suit for the return of the deposit, and this is so even though the proposed seller can show that his wife had a contract with the owner of the land for the purchase thereof, and that the owner was ready to convey to his wife at the time set for the conveyance to his vendee.

On appeal from the Union County Circuit Court.

For the appellant, *Earle A. Merrill.*

For the respondent, *Augustus C. Nash* and *Winfield S. Angleman.*

The opinion of the court was delivered by

KALISCH, J. Judgment was entered in the court below upon a verdict directed by the trial judge for defendant. The plaintiff's appeal to this court involves the single question whether under the settled law of this state the proof adduced in the case warranted such direction.

The plaintiff sued the defendant to recover the sum of $400 with interest, which the plaintiff by his complaint alleged he had paid defendant in cash, on and for the first payment on account of an agreed purchase price of lands, which the defendant, in a written agreement entered into, between him and the plaintiff, on the 28th of July, 1920, agreed to convey to the latter, on September 1st, 1920, by warranty deed, but later by agreement between them the date of the delivery of the deed was extended to October 1st, 1920; that neither on September 1st, 1920, nor on October 1st, 1920, nor at any other time had defendant tendered a deed for said lands; that

on July 28th, 1920, the defendant did not have title to the lands agreed to be conveyed by him to the plaintiff, nor had he since that date acquired any title thereto; that on or about November 19th, 1920, plaintiff demanded of defendant the return of the $400 paid him by plaintiff, on account of the purchase of the lands, with which demand defendant refused to comply.

The uncontroverted facts, briefly summarized, are as follows: On July 28th, 1920, Naugle, the plaintiff, and McVoy, the defendant, entered into an agreement, in writing, whereby the latter agreed to convey to the former, by "deed of warranty free from all encumbrance" on or before the 1st day of September, 1920 (which time fixed for performance was later extended, by an agreement in writing between the parties, "to, on or before October 1st, 1920"), certain premises described in the agreement. Naugle agreed to pay $4,250 for the property in the manner following: Four hundred dollars in cash upon the signing the agreement, which sum was paid to McVoy. The property to be conveyed, subject to a mortgage of $2,000, bearing interest at the rate of six per cent., the mortgage to be executed by Naugle at the time of closing of the title. McVoy was to secure a party who would be willing to loan $2,000 on the mortgage. Naugle was to execute and deliver to McVoy a second mortgage for $1,050, bearing interest at the rate of six per cent., the mortgage to be paid off in installments of $50 per month, &c. At the time fixed for closing of the title Naugle agreed to pay $800 in cash to McVoy upon the delivery by him of a warranty deed to him, Naugle.

The controlling undisputed fact in this case is that McVoy never had title to the property and never was in a position at any time to make and deliver a warranty deed, as set out in the agreement, to the plaintiff.

On the day fixed for the delivery of the warranty deed by the defendant to the plaintiff, the former, accompanied by Mr. Bauman, who it appears was the owner of, and had the title to, the property in question, went to Mr. Nash's office, the place appointed by the parties for the consummation of the

transaction. The plaintiff put in no appearance. According to the testimony of McVoy, Mr. Bauman was there ready to deliver a deed to Mrs. McVoy for a tract of land which included the tract which the defendant had agreed to convey to the plaintiff by warranty deed. So, it is made manifest that the defendant was never in a position to perform his part of the contract for want of title to the property; and, besides, it appears from his own testimony that he was not to take title, but that his wife was. She made no contract with the plaintiff and she might have refused to convey to him. Moreover, the plaintiff was under no legal obligation to take title from her. As the plaintiff had no contract with Mrs. McVoy, the defendant can have no advantage from a contract made with her by Bauman, whereby he was to convey to her, but never did. Nor would a conveyance from Bauman to her give the plaintiff any advantage, unless he had agreed to accept her as vendor in the place of her husband. As the defendant only was to convey, and as his own testimony showed that he was not in a position to perform his undertaking in conformity with the agreement, he cannot defeat the plaintiff's right to recover back his earnest money upon the theory that the plaintiff was obliged to make an unavailing tender. Not having title himself, but only an agreement with a third party to convey the property to his wife, who he does not show he was able to control, and from whom the plaintiff was not required to take title, he, the defendant, was not in a position to compel tender from the plaintiff, as a condition precedent to the plaintiff's recovering the sum paid by him, on account of the purchase price, in reliance upon a contract with defendant, which the latter was unable to perform. On such a state of facts as exists in this case, the rule excusing tender, where the other party is unable to perform, is not defeated. This exception to the rule—that is, excusing tender, has been enunciated in this court in the cases of *Caporale* v. *Rubine,* 92 *N. J. L.* 463; 105 *Atl. Rep.* 225, and *Bernstein* v. *Kohn, ante* *p.* 223, which cases are controlling here.

For the reasons stated the judgment under review must be reversed, to the end that a *venire de novo* be issued.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK, JJ. 14.